# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,     )
        )
        )
v.         )        **ID No. 1007007484**
        )
KORDELL GREGORY,     )
        )
        Defendant.     )

Submitted: August 1, 2014
Decided: August 11, 2014

## ORDER DENYING MOTION FOR CORRECTION OF SENTENCE

This 11th day of August 2014, upon consideration of the Defendant's Motion for Correction of Sentence and the record in this matter, it appears to the Court that:

(1) On August 2, 2010, Kordell Gregory was indicted on five drug crimes.[1] Gregory failed to appear for his January 2011 trial and a capias was issued. In May 2012, Gregory began serving a sentence in Pennsylvania for a drug crime he had committed there.[2] On December 18, 2012, pursuant to

---

[1] DEL. CODE ANN. tit. 16, § 4752 (2010) (possession with intent to deliver marijuana); *id.* at § 4768 (possession of cocaine within 300 feet of a park); *id.* at § 4767 (delivery of marijuana within 1,000 feet of an elementary school); *id.* at § 4753 (possession of cocaine); and *id.* at § 4771 (possession of drug paraphernalia).

[2] Ex. 1 to Def. Nov. 5, 2013 Rule 35(b) Mot. (D.I. 28).

the Interstate Agreement on Detainers ("IAD"),[3] Gregory was returned to Delaware from Pennsylvania to face his Delaware charges.

(2)   On February 20, 2013, he pleaded guilty to Possession with Intent to Deliver Marijuana[4] and was sentenced to 18 months at Level V.[5]

(3)   Delaware returned Gregory to Pennsylvania on March 8, 2013 to serve out the remainder of his Pennsylvania sentence. On September 17, 2013, after completing his Pennsylvania sentence, Gregory was released therefrom to be returned to Delaware to begin serving his 18-month sentence for Possession with Intent to Deliver Marijuana.[6]

(4)   On March 4, 2014, Gregory filed his first "Motion to Receive Credit for Time Previously Served." He requested, *inter alia*, that his Level V term be reduced by 81 days; *i.e.,* that he receive credit for the time he was in Delaware's temporary custody from December 18, 2012 until

---

[3]   DEL. CODE ANN. tit. 11, § 2544 (2012).

[4]   Gregory also pleaded guilty to Possession of Cocaine within 300 Feet of a Park. But he received a probated term for that offense and makes no claim regarding that sentence.

[5]   This sentence was later modified to give Gregory credit for the two days he was held in default of bail when he was first arrested in June 2010.

[6]   Ex. 1 to Def. Nov. 5, 2013 Rule 35(b) Mot. (D.I. 28).

March 8, 2013.  This Court specifically ruled on that request and denied Gregory's motion for credit time.[7]  Gregory filed no appeal from that denial.

(5)　Yet again, Gregory is before the Court with a "Motion for Time Previously Served."  He states that because he "had been in the custody of Department of Corrections (sic) since 12/18/12 up until 3/8/13 for 81 days . . . [he] is or should be entitled and/or is asking for an additional credit for time previously served of 81 days."[8]  In short, Gregory contends that in its sentencing order the Court has failed to credit him with the 81 days he was in Delaware's temporary custody awaiting his plea and sentencing hearing.  The Court will treat this as a motion for correction of sentence under Superior Court Criminal Rule 35(a).[9]

(6)　The law of the case doctrine precludes consideration of Gregory's claim here.  The law of the case is established "when a specific legal principle is applied to an issue presented by facts which remain

---

[7]　*See State v. Gregory*, Del. Super., ID No. 1006013530, Streett, J. (Mar. 21, 2014) (Order) (D.I. 32) ("Defendant is not entitled to credit from 12/18/12 – 3/8/13.  Defendant was in Delaware under Interstate Agreement on Detainers Act.  He was serving a sentence in Pennsylvania.  Delaware does not run Level 5 sentences concurrently.")

[8]　Def. Mot for Time Served at 1.

[9]　Super. Ct. Crim. R. 35(a) (providing that "an illegal sentence" may be corrected by the Court at any time).

-3-

constant throughout the subsequent course of the same litigation"[10] – in this case, an attack on the same judgment of sentence. "[O]nce a matter has been addressed in a procedurally appropriate way by a court, it is generally held to be the law of that case and will not be disturbed by that court unless compelling reason to do so appears."[11] This doctrine applies here[12] and Gregory's claim can be resolved by its application alone.

(7) That said, Gregory's claim is, as the Court held just months ago, meritless. The Interstate Agreement on Detainers provides that, while a prisoner serving a sentence in another state is temporarily in Delaware answering to charges in this state, the time being served on the sending state's sentence continues to run.[13] And during such time, the prisoner is deemed to remain in the custody of and subject to the jurisdiction of the

---

[10] *Kenton v. Kenton*, 571 A.2d 778, 784 (Del. 1990).

[11] *May v. Bigmar, Inc.,* 838 A.2d 285, 288 n.8 (Del. Ch. 2003) (internal quotations omitted); *E.I. du Pont de Nemours & Co. v. Admiral Ins. Co.*, 711 A.2d 45, 55 (Del. Super. Ct. 1995) (to overcome the law of the case, a party must demonstrate "newly discovered evidence, a change of law, or manifest injustice").

[12] *Advanced Litig., LLC v. Herzka*, 2006 WL 4782445, at *5 (Del. Ch. Aug. 10, 2006 (applying the law of the case doctrine to a prior, unappealed ruling in the same litigation).

[13] DEL. CODE ANN. tit. 11, § 2544(f) ("during the continuance of temporary custody or while the prisoner is otherwise being made available for trial as required by [the IAD], time being served on the [sending state's] sentence shall continue to run . . . .").

sending state.[14] As a result, Gregory's Delaware sentence did not begin to run until he had completed his Pennsylvania sentence. And because the time spent in Delaware answering this state's charges was credited against Gregory's Pennsylvania sentence, he is not entitled to any additional credit against his Delaware sentence.[15] Thus, this Court correctly denied Gregory's prior motion for credit for those 81 days and the Court would now be correct to deny this do-over request on the merits.

**NOW, THEREFORE, IT IS ORDERED** that Kordell Gregory's motion for correction of sentence is **DENIED**.

Paul R. Wallace, Judge

Original to Prothonotary
cc:  Annemarie Puit, Deputy Attorney General
     Mr. Kordell Gregory, *pro se*
     Investigative Services Office

---

[14]     *Id.* at § 2544(g) ("for all purposes other than that for which temporary custody as provided in this agreement is exercised, the prisoner shall be deemed to remain in the custody of and subject to the jurisdiction of the sending state . . . .").

[15]     *See Brisco-Bey v. State*, 1993 WL 78216, at *1 (Del. Mar. 15, 1993) (as a matter of law, a prisoner was not entitled to credit toward his Delaware sentence for time served on federal sentence) (quoting DEL. CODE ANN. tit. 11, § 3901(b)); *Frady v. State,* 2008 WL 4286542, at *1 (Del. Sept. 16, 2008) (same for prisoner who was serving another state's sentence).